UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

STEVEN WILSON, *pro se*,           )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )   No.:   3:09-CV-42
                                   )          (VARLAN/SHIRLEY)
UNITED STATES OF AMERICA,          )
                                   )
        Defendant.                 )

# **MEMORANDUM OPINION**

This civil action is before the Court on the Motion to Dismiss [Doc. 7], filed by the United States of America, the defendant in this matter. In the motion to dismiss, the government moves the Court to dismiss *pro se* plaintiff Steven Wilson's complaint [Doc. 1], pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded in opposition [Doc. 10], and the government has filed a reply [Doc. 11]. Plaintiff has filed a sur-reply [Doc. 12],[1] without leave of Court, to which the government has responded [Doc. 13], arguing that the sur-reply is an improper responsive pleading filed without leave of Court. *See* E.D. TN L.R. 7.1(d).[2]

---

[1] Plaintiff titles his sur-reply "Brief for Plaintiff" [*see* Doc. 12]. However, because the pleading follows both a responsive and a reply pleading, the Court will refer to it as a sur-reply.

[2] In light of the less stringent standard to which the Court holds an individual proceeding *pro se*, the Court has considered plaintiff's arguments in the sur-reply [Doc. 12] and will not grant the government's request that the Court refuse to consider plaintiff's sur-reply. However, most of plaintiff's arguments in the sur-rely were raised in prior briefs by the parties and the Court finds no reason to specifically discuss any arguments raised in the sur-reply.

The Court has carefully considered the pending motion to dismiss, the responsive and reply briefs, the sur-reply, and the government's response to the sur-reply [Docs. 7, 8, 10, 11, 12, 13], all in light of the relevant and controlling law. For the reasons stated herein, the government's motion to dismiss will be granted.

**I.   Relevant Facts**

On February 3, 2009, plaintiff, a resident of Knoxville, Tennessee at the time, filed a complaint for declaratory judgment against the government, asserting various constitutional and statutory violations arising from plaintiff's attempted purchase and possession of a firearm [Doc. 1, ¶ 5]. The allegations contained in the complaint are as follows. Plaintiff was convicted in 1995 by a United States district court in Arizona for mail fraud, a federal offense [*Id.*, ¶ 6]. Following his conviction, plaintiff completed his probation and had his "civil rights restored by an Arizona court." [*Id.*, ¶ 7]. In 2008 plaintiff attempted and was denied purchase of a firearm that was "manufactured, wholesaled, and retailed in Arizona" and thus had never "traveled in interstate commerce." [*Id.*]. Plaintiff alleges that the government denied the purchase because it deemed plaintiff a "prohibited possessor under [18 U.S.C. § ] 922(g)(1)." [*Id.*]. On August 11, 2008, plaintiff appealed that denial, arguing that his civil rights had been restored by an Arizona state court and the firearm he had attempted to purchase had never traveled in interstate commerce [*Id.*]. On November 5, 2008, after moving to Tennessee, plaintiff was notified that the government had denied his appeal "for the same reason." [*Id.*].

In addition to the preceding factual allegations, the complaint contains the following statements:

> Plaintiff desires to purchase and possess 2 firearms and a box of ammunition from a licensed firearms dealer and 1 firearm from a private seller and travel with such firearms and ammunition on streets which will inevitably pass within 1,000 feet of a school. 1 firearm never having traveled in interstate commerce, another firearm having had traveled in interstate commerce as some point in time, and another firearm of which Plaintiff does not know whether it traveled in interstate commerce. When the Plaintiff determines which of the 3 guns to keep, Plaintiff wishes to sell 1 or 2 of the guns and some ammunition to a known non-violent felon.

[Doc. 1, ¶ 8]. Plaintiff asserts that these statements regarding his future purchase, sale, and travel in connection with the three firearms described above, along with the preceding factual allegations in the complaint, constitute an "actual and substantial justiciable controversy" for purposes of a declaratory judgment pursuant to 28 U.S.C. § 2201 and thus, a case properly within this Court's jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiff also asserts nine causes of action in his complaint. Specifically, plaintiff claims that: 18 U.S.C. § 922(d)(1) violates plaintiff's rights under the Second Amendment and violates the Tenth Amendment (Count One and Count Two); 18 U.S.C. § 922(g)(1) violates plaintiff's rights under the Second Amendment and violates the Tenth Amendment (Count Three and Count Four); 18 U.S.C. § 922(q)(2)(a) violates plaintiff's rights under the Second Amendment and violates the Tenth Amendment (Count Five and Count Six); and the government's denial of plaintiff's purchase of a handgun violates the Second Amendment, the Tenth Amendment, and 18 U.S.C. § 922(t)(2) (Count Seven, Count Eight, and Count Nine) [*Id.*, ¶¶ 10-18]. The Court will address each cause of action in turn, although not in

the order stated in the complaint. The Court will first address the causes of action pertaining to the government's argument that plaintiff's claims should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). Next, the Court will address the causes of action pertaining to the government's argument that plaintiff's claims should be dismissed because this Court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1).

**II.     Analysis**

As noted above, plaintiff has elected to proceed *pro se* in this matter. "[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Neither [this Court] nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing cases). Liberal federal pleading standards do not permit litigants–even those acting *pro se*–to proceed on pleadings that are not readily comprehensible. *Cf. Becker v. Ohio State Legal Servs. Ass'n*, 19 F. App'x 321, 322 (6th Cir. 2001) (upholding district court's dismissal of *pro se* complaint containing "vague and conclusory allegations unsupported by material facts"). Determining whether a complaint states a plausible claim for relief will ultimately

be a context-specific task that requires a court to draw on its judicial experience and common sense. *Ashcroft v. Iqbal*, — U.S.— , —, 129 S. Ct. 1937, 1940 (2009).

### A. Federal Rule of Civil Procedure 12(b)(6)

In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain allegations supporting all material elements of the claims. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008); *see* Fed. R. Civ. P. 12(b)(6). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The United States Court of Appeals for the Sixth Circuit has made it clear that despite the liberal system of notice pleading, "the essential elements of a plaintiff's claim must be alleged in more than vague and conclusory terms" if such a claim is to survive a Rule 12(b)(6) motion. *NicSand, Inc. v. 3M Co.*, 457 F.3d 534, 541 (6th Cir. 2006) (internal citations removed).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotations and citations omitted). The issue is not whether the claimant will prevail, but

whether the claimant is entitled to offer evidence to support its claim. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). In the recent case of *Ashcroft v. Iqbal*, the United States Supreme Court reaffirmed its prior holding in *Twombly* that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

### 1. Count Three and Count Seven: 18 U.S.C. § 922(g)(1) and the Second Amendment

The Court first addresses plaintiff's assertions that 18 U.S.C. § 922(g)(1) violates his rights under the Second Amendment and the government's denial of his firearm purchase violates the Second Amendment.[3] Plaintiff argues that the right to possess a firearm is an individual right guaranteed to citizens, much like the right to free speech and the right to freedom of religion [Doc. 10, p. 5]. Denying him that right, plaintiff asserts, is unconstitutional [*Id.*].

Plaintiff is correct that the right to possess a firearm is an individual right. However, it is an individual right that is not unlimited. In *District of Columbia v. Heller*, — U.S. —, 128 S. Ct. 2783 (2008), the Supreme Court recently held that the Second Amendment

---

[3] These allegations are contained in Count Three and Count Seven of plaintiff's complaint [Doc. 1, ¶¶ 12, 16].

protects an individual's right to bear arms. However, the Supreme Court clarified that "[l]ike most rights, the right [to bear arms] secured by the Second Amendment is not unlimited." *Heller*, 128 S. Ct. at 2816. Justice Antonin Scalia, writing for the majority, stated explicitly that "nothing in [the *Heller*] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons[.]" *Id.* at 2816-17. Citing this passage from *Heller*, numerous courts, including the Sixth Circuit and district courts in the Eastern District of Tennessee, including this one, have recognized and upheld the constitutionality of 28 U.S.C. § 922(g)(1) against a Second Amendment challenge.[4] *See, e.g., United States v. Frazier*, No. 07-6135, 2008 WL 4949153, at *5 (6th Cir. Nov. 19, 2008); *United States v. Napier*, 233 F. 3d 394, 403 (6th Cir. 2000) (dismissing a Second Amendment challenge and noting that "[e]very circuit court which has had occasion to address the issue has upheld § 922 generally against challenges under the Second Amendment"); *McCormick v. United States*, Nos. 4:06-cv-06, 4:04-cr-26, 2009 WL 385781, at *4 (E.D. Tenn. Feb. 17, 2009) (acknowledging that *Heller* did not alter the constitutionality of § 922(g)); *United States v. Whisnant*, No. 3:07-CR-32, 2008 WL 4500118, at * 1 (E.D. Tenn. Sept. 30, 2008) (finding that § 922(g) remained constitutional following *Heller*).

Plaintiff's Second Amendment challenge to 18 U.S.C. 922(g)(1) falls squarely within *Heller* and the holdings of the many courts since *Heller* who have upheld the

---

[4] Section 922(g)(1) of Title 18 of the United States Code provides that "[i]t shall be unlawful for any person-who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to possess in or affecting commerce, any firearm or ammunition." 28 U.S.C. § 922(g)(1).

constitutionality of § 922(g). Plaintiff is a felon who desires to possess a firearm. The *Heller* decision explicitly recognizes that laws prohibiting felons from possessing firearms or ammunition are valid and constitutional limitations to the Second Amendment. Accordingly, plaintiff has failed to state a claim for a Second Amendment facial challenge to § 922(g)(1) and therefore, Count Three of plaintiff's complaint is dismissed for failure to state a claim. Further, because § 922(g)(1) is constitutional, and because plaintiff is a convicted felon, his claim that the government's denial of his attempted purchase of a firearm violates the Second Amendment also fails to state a claim and Count Seven of plaintiff's complaint is also dismissed.

### 2. Count Four and Count Eight: 18 U.S.C. § 922(g)(1) and the Tenth Amendment

The Court next addresses plaintiff's assertions that 18 U.S.C. § 922(g)(1) violates his rights under the Tenth Amendment and the government's denial of his firearm purchase violates the Tenth Amendment.[5] In addition to these challenges, plaintiff also argues that the government has no authority to regulate an individual's possession of a firearm once the firearm has left interstate commerce and the government's "contention that because a firearm had ever been in interstate commerce, the firearm will . . . always be illegal for a felon to possess[,] is not founded in any section of [ § 922]." [Doc. 10, pp. 3-4].

---

[5] These allegations are contained in Count Four and Count Eight of plaintiff's complaint [Doc. 1, ¶¶ 13, 17].

8

As an initial matter, the Court notes that the Sixth Circuit has held consistently that 18 U.S.C. § 922(g)(1) will survive a Tenth Amendment facial challenge. *See Holmes v. United States*, No. 05-6116, 2008 WL 2467978, at *6 (6th Cir. June 18, 2008) (citing *United States v. Henry*, 429 F.3d 603, 619-20 (6th Cir. 2005)) (holding, in response to a facial challenge to § 922(g) under the Tenth Amendment, that such a challenge "must fail because the decided law in this circuit is that § 922(g) is a valid exercise of congressional authority under the Commerce Clause[]"). Moreover, plaintiff has misconstrued the connection between interstate commerce and the regulation of firearms. The nexus between the regulated conduct—here, the prohibition against felons possessing firearms—and interstate commerce, must only be minimal. *Lopez v. United States*, 514 U.S. 549, 561-63 (1995).[6] The Sixth Circuit in *United States v. Chesney* held that *Lopez* "did not disturb the Supreme Court's precedents which indicate that a firearm that has been transported at any time in interstate commerce has a sufficient effect on commerce to allow Congress to regulate the possession of that firearm pursuant to its Commerce Clause powers." *Chesney*, 86 F.3d 564,

---

[6] Plaintiff argues that *Lopez* stands for the proposition that the Commerce Clause does not authorize Congress to regulate the possession of firearms by a "non-violent felon" because such possession is "no more an economic activity" than the regulation of firearms in a school zone and does not have "a connection with interstate commerce." [Doc. 10, p. 4]. However, the crux of *Lopez* was that the relevant portion of the act at issue, the Gun-Free School Zone Act of 1990, 18 U.S.C. § 922(q)(1)(A), did not contain the requisite interstate commerce clause elements. *Lopez*, 86 F.3d at 561-63. Post-*Lopez*, the Sixth Circuit and other circuits have held that the jurisdictional element of § 922(g), containing the "requirement that the possession be connected . . . to interstate commerce[,]" provides the requisite nexus with interstate commerce that the provision in *Lopez* lacked. 18 U.S.C. § 922(g)(1); *see, e.g., United States v. Turner*, 77 F.3d 887, 889 (6th Cir. 1996); *United States v. Sorrentino*, 72 F.3d 294, 296 (2d Cir. 1995); *United States v. Farris*, No. 94-3920, 1995 WL 592054, at *6 n.1 (6th Cir. Oct. 5, 1995) (per curiam) (unpublished) (upholding § 922(g) against a Commerce Clause challenge).

9

570-71 (1996). The *Chesney* court also stated that "a firearm moved in interstate commerce at any time [is] sufficient to meet the government's burden of proving the 'in commerce or affecting commerce' element of . . . § 922(g)." *Chesney*, 86 F.3d at 571 (citing *Scarborough v. United States*, 431 U.S. 563, 566-67 (1977); *see also Henry*, 429 F.3d at 620 ("[T]he Commerce Clause requires no proof other than that the firearm or ammunition traveled in interstate commerce.").

Thus, so long as a firearm in plaintiff's possession moved in interstate commerce at some time, the minimal nexus between plaintiff's possession of the firearm and interstate commerce may be established. The government need not prove anything more than mere movement of the firearms and ammunition in interstate commerce to meet its burden of proof regarding the jurisdictional element of § 922(g)(1). Accordingly, in light of the authority described above, plaintiff's contention that § 922(g)(1) violates the Tenth Amendment fails to state a claim, and Count Four of plaintiff's complaint is dismissed. Further, to the extent plaintiff has alleged that his attempted purchase or possession of a firearm "in or affecting interstate commerce" violates the Tenth Amendment, this also fails to state a claim and thus Count Eight is dismissed.

### 3. Count Nine: Violation of 18 U.S.C. § 922(t)(2)

The Court next addresses plaintiff's assertions that the government's denial of his firearm purchase violates 18 U.S.C. § 922(t)(2).[7] Section 922(t) of Title 18 of the United States Code describes how a federal firearms licensee (a "FFL")[8] must contact the National Instant Criminal Background Check System (the "NICS") prior to transferring a firearm to a non-licensed person, in order to determine if that individual is prohibited under federal or state law from possessing a firearm. *See* 18 U.S.C. § 922(t). Section 922(t)(2) provides that "[i]f receipt of a firearm would not violate subsection (g) or (n) [of 18 U.S.C. § 922] or State law, the [NICS]" will issue a unique identification number to the transfer, provide the licensee with a number, destroy all records with the NICS pertaining to the transfer (except for the identification number and the date on which the number was assigned), and destroy all records on the NCIS relating to the person or the transfer. *Id.* §§ 922(t)(2)(A)-(C). It follows that the requirements of § 922(t)(2) would not be applicable if the transfer of a firearm would violate § 922(g). *See id.* Thus, because plaintiff is a convicted felon under § 922(g)(1), and plaintiff's "receipt" of a firearm would violate § 922(g)(1), plaintiff's claim that the government's denial of his firearm purchase violates § 922(t)(2) is not applicable to plaintiff and fails to state a claim. Count Nine is dismissed.

---

[7] This allegation is contained in Count Nine of plaintiff's complaint [Doc. 1, ¶ 18].

[8] An FFL is a person licensed by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") as a manufacturer, dealer, or importer of firearms. 28 C.F.R. § 25.2.

**B.     Federal Rule of Civil Procedure 12(b)(1)**

A motion by the government to dismiss a complaint filed against it on grounds that the plaintiff's claim is barred by the doctrine of sovereign immunity is properly treated as a motion to dismiss for lack of subject matter jurisdiction. *See, e.g., Cooley v. United States*, 791 F. Supp. 1294, 1298 (E.D. Tenn. 1992) (considering a motion to dismiss by the government based on the discretionary function doctrine), *aff'd sub nom. Myers v. United States*, 17 F.3d 890 (6th Cir. 1994). Under Rule 12(b)(1), a motion to dismiss "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005); *see* Fed. R. Civ. P. 12(b)(1). In this case, the government has brought a factual attack on plaintiff's complaint for declaratory judgment. A party making a "factual attack" on subject matter jurisdiction challenges the actual existence of the court's jurisdiction—a defect that may exist even though the complaint contains the formal allegations necessary to invoke jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp. ("RMI")*, 78 F.3d 1125, 1134 (6th Cir. 1996). In a factual challenge, the court must weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter. *Golden*, 410 F.3d at 881; *see also DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

The basic rule of sovereign immunity is that "[n]o action lies against the United States unless the legislature has authorized it." *Dalehite v. United States*, 346 U.S. 15, 30 (1953). In this case, plaintiff has brought an action against the government of the United States and

therefore the doctrine of sovereign immunity applies. Specifically, plaintiff has brought his action pursuant to 28 U.S.C. § 2201, which provides, in pertinent part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a). However, while plaintiff's complaint is brought pursuant to § 2201, this statute does not confer jurisdiction on federal courts. This Court's jurisdiction is based on 28 U.S.C. § 1331, which provides federal courts with jurisdiction for cases arising under the Constitution or laws of the United States and for those cases that present "[a] genuine and present controversy, not merely a possible or conjectural one . . . disclosed upon the face of the complaint[.] *Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 112-13 (1936) (internal citations omitted); *see also Michigan S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002); *see* 28 U.S.C. § 1331.

This requirement of a genuine and present controversy requires that the controversy be "real and substantial . . . as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. of Harford, Conn. v. Haworth*, 300 U.S. 227, 241 (1937). In other words, the "controversy" on the face of the complaint cannot be one of a "hypothetical or abstract character," but must be "definite and concrete." *Aetna*, 300 U.S. at 240-41; *see also Galluzzo v. Champaign County Court of Common Pleas*, 168 F. App'x 21, 24 (6th Cir. 2006) (quoting *Aetna*). A genuine or present controversy upon which a declaratory judgment is sought pursuant to 28 U.S.C. § 2201 may have existed at one

13

time, but may have "'lost its character as a present, live controversy,'" in which case, the issue will "become[] moot." *Demis v. Sneizik*, 558 F.3d 508, 512 (6th Cir. 2009) (quoting *Hall v. Beals*, 396 U.S. 45, 48 (1969)). Thus, if the issues raised by plaintiff in this case cease or have ceased to be genuine and present controversies, the issues become moot as no controversies exist for purposes of 28 U.S.C. § 1331 and the issues fall outside this Court's jurisdiction. *Demis*, 558 U.S. at 512 (citing *Abela v. Martin*, 309 F.3d 338, 343 (6th Cir. 2002)).

### 1. The Controversies in this Case

In this case, plaintiff has asserted two controversies. The first being the factual allegations relating to plaintiff's attempted purchase of a firearm in Arizona [Doc. 1, ¶¶ 5-7]. Plaintiff attempted to purchase a firearm in Arizona after having had his "civil rights restored" by an Arizona state court [*see* Doc. 10-1]. The government denied the purchase based on plaintiff's status as a felon. Plaintiff claims this denial was in error because the laws preventing him, a "non-violent felon," from purchasing a firearm are unconstitutional and because the firearm he attempted to purchase never traveled in interstate commerce. Following this attempted purchase, plaintiff moved from Arizona to Tennessee. This move, from one state to another, rendered plaintiff's interstate commerce argument regarding the firearm purchase in Arizona moot as plaintiff is no longer a resident of Arizona and a Tennessee resident attempting to buy a firearm made solely in Arizona would satisfy the

14

element requiring travel of the firearm in interstate commerce.[9] Accordingly, plaintiff's interstate commerce argument would fail to state a claim under the Tenth Amendment as described previously in this opinion.[10] Plaintiff argues that this controversy is not moot because, were the Court to rule in plaintiff's favor, plaintiff could take this judgment to Arizona and complete his purchase of an Arizona firearm without the firearm having to travel at all in interstate commerce. This argument is not well-taken—the purpose of a declaratory judgment under 28 U.S.C. § 2201 is not for this Court, within a separate district and separate state, to issue an advisory opinion on what another court, in another district and in another state, should do in regard to plaintiff's rights.[11]

The second controversy plaintiff asserts consists of plaintiff's statements in his complaint of his intent to purchase, to sell, and to travel with firearms [Doc. 1, ¶ 8]. These statements are couched in terms of future plans intentions—*i.e.,* plaintiff "desires to purchase . . . , "[w]hen the Plaintiff determines . . . ," and "[p]laintiff wishes to sell . . . ." [*Id.*]. These statements of intention do not state a genuine and present controversy. Rather, such statements present a hypothetical situation in which plaintiff asserts his rights would be

---

[9] Plaintiff has not alleged that he has attempted to purchase firearms made solely in Tennessee that have never entered interstate commerce.

[10] *See supra* Part A, Section 2. Plaintiff's Tenth Amendment challenges are contained in Count Two, Count Four, Count Six, and Count Eight of plaintiff's complaint [Doc. 1, ¶¶ 11, 13, 15, 17].

[11] Plaintiff has not brought a direct appeal of the denial of his firearm purchase in Arizona, but is requesting the Court to render an opinion in his favor that would enable him to complete the firearm purchase in Arizona [*see* Doc. 10-1 (directing plaintiff to the district court in Phoenix, Arizona if plaintiff wished to challenge the denial of his firearm purchase in Arizona)].

violated. This is not a genuine and present controversy for which this Court would have jurisdiction under 28 U.S.C. § 1331 and thus, this Court is without jurisdiction to order a declaratory judgment pursuant to 28 U.S.C. § 2201.

### 2. Count One and Count Two: 18 U.S.C. § 922(d)(1) and the Second and Tenth Amendment

In light of the foregoing, plaintiff's assertions that 18 U.S.C. § 922(d)(1) violates his rights under the Second and Tenth Amendments to sell firearms to other felons are moot as hypothetical controversies and this Court is without jurisdiction to entertain them [*see* Doc. 1, ¶¶ 8-10, 11].[12] Section 922(d)(1) makes it "unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person . . . has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year. 18 U.S.C. § 922(d). Plaintiff has only stated that he "wishes to sell" firearms to other felons—a statement of a future plan [*Id.*, ¶ 8]. Further, per the Court's earlier determination that § 922(g)(1) is facially constitutional under both the Second and Tenth Amendments, and because plaintiff is a convicted felon and thus prevented from possessing a firearm under § 922(g), § 922(d)(1) would not be applicable to plaintiff because he cannot possess a firearm at all, let alone sell it to another felon.

---

[12] These allegations are contained in Count One and Count Two of plaintiff's complaint [Doc. 1, ¶¶ 10-11].

### 3. Count Five and Count Six: 18 U.S.C. § 922(q)(2)(A) and the Second and Tenth Amendment

Plaintiff's assertions that 18 U.S.C. § 922(q)(2)(A) violates his rights under the Second and Tenth Amendments because he desires to travel within 1,000 feet of a school are also moot as hypothetical controversies and this Court is without jurisdiction to entertain them [Doc. 1, ¶¶ 8, 13, 14].[13]  Section 922(q)(2)(A) makes it "unlawful for any individual knowingly to possess a firearm that has moved in or that otherwise affects interstate commerce or foreign commerce at a place that the individual knows, or has reasonable cause to believe, is a school zone."  18 U.S.C. § 922(q)(2)(A).  Plaintiff has only stated that he "desires to purchase and possess" and "will inevitably pass" within 1,000 feet of a school—statements of future plans [*Id.*, ¶ 8].  Further, per the Court's earlier determination that § 922(g)(1) is facially constitutional under both the Second and Tenth Amendments, and because plaintiff is a convicted felon and cannot possess a firearm under § 922(g), § 922(q)(2)(A) would not be applicable to plaintiff because he cannot possess a firearm at all, let alone within 1,000 feet of a school zone.

### III. Conclusion

In sum, plaintiff's claims fail to state claims for which relief can be granted and this Court lacks subject matter jurisdiction to consider plaintiff's request for declaratory judgment or any other request for relief because the controversies are not genuine and present

---

[13] These allegations are contained in Count Five and Count Six of plaintiff's complaint [Doc. 1, ¶¶ 14-15].

controversies. Accordingly, and for the reasons stated herein, the government's Motion to Dismiss [Doc. 7] is hereby **GRANTED** and the claims and request for declaratory judgment contained in plaintiff's complaint are hereby **DISMISSED**. An appropriate order will be entered. The Clerk of Court is **DIRECTED** to close this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE